ALLISON *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY.

Opinion delivered May 19, 1924.

MASTER AND SERVANT — CHANGING CONDITION OF PLACE OF WORK —
INSTRUCTION.—In an action for injuries to a repairer of a
caboose, in which the pleadings and evidence predicated liability
solely on the alleged negligence of a fellow-servant, instructions
that no recovery could be had if injury resulted from the chang-
ing condition of the place of work, were erroneous.

Appeal from Lonoke Circuit Court; *George W.
Clark,* Judge; reversed.

*Harry H. Myers* and *Reed & Beard,* for appellant.

HUMPHREYS, J. Appellant, an employee, instituted
suit against appellee, employer, in the circuit court of
Lonoke County, to recover damages for an injury which
occurred through the alleged negligence of a fellow-serv-
ant. The substance of the allegation of negligence con-
tained in the complaint is that, while engaged in repair-
ing the roof of a caboose with two fellow-servants, one in
the capacity of carpenter and the other a tinner, appellee
was told by the tinner, who was working on the opposite
side of the cupola, which obstructed his view, that he had
finished the work and was ready for him on that side;
that, believing that the tinner had left the place in a safe
condition, he stepped around the corner of the cupola to
pursue the work, and, instead of stepping on the sheeting
of the roof, which he expected to, he stepped upon some
loose tin, concealed from his view by the cupola, which
had been carelessly and negligently left there by the
tinner; that the tin gave way and caused him to lose his
balance and fall from the top of the caboose about sixteen
feet to the ground, seriously and permanently injuring
himself.

Appellee filed an answer, denying the allegation of
negligence and the extent of the injury, and pleading con-
tributory negligence on the part of appellant.

The cause was submitted to a jury upon the plead-
ings, testimony introduced by the respective parties, and

instructions of the court, which resulted in a verdict and judgment in favor of appellee, from which is this appeal.

Appellant contends that the court submitted the case to the jury upon the erroneous theory that there could be no recovery if the injury resulted from the changing condition of the place where appellee and his fellow-servants were working. The trial judge seemed to be laboring under that impression, as evidenced by instructions Nos. 4 and 5 which were given. They are as follows:

"No. 4. The jury are instructed that, where the condition of the man's place of work is being constantly changed, as in the course of tearing down the place or repairing the place, the employer does not owe the employee, in such circumstances, any duty to make such a place reasonably safe, and the employee assumes the risk of any injuries which he must suffer as a result of such changing conditions.

"No. 5. The jury are instructed that, if the character of work which a person is employed to perform is such that the condition of the working place is being constantly changed, as where it is being torn up, or is undergoing repair, the employee assumes the risk of any injury resulting to him ordinarily incident to such changing conditions, and is not entitled to recover damages from his employer if he gets hurt on account of some changing condition in his place of work ordinarily incident to its being torn down or being repaired."

These instructions wholly ignore the issue presented by the pleadings and testimony of whether the injury was occasioned through the negligent act or omission of the fellow-servant, over whom appellant had no control, and of which he had no knowledge, in the exercise of due care for his own safety.

We deem it unnecessary to set out or discuss the other instructions, given or refused, further than to say that the appellee's duty to furnish appellant a safe place in which to work was not an issue in the case, and should not have been brought into the case by instructions.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.